UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDY COY HENDERSON,<br><br>    Plaintiff,<br><br> vs.<br><br>EARNIE CREWS, et al.,<br><br>    Defendants. | NO.  CV-09-5064-CI<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE**<br><br>**1915(g)** |

  Magistrate Judge Imbrogno filed a Report and Recommendation on February 17, 2010, recommending Mr. Henderson's First Amended Complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.  First, Plaintiff's allegations of due process violations failed as the conditions he describes of restricted recreation and the absence of educational, work, and store privileges in administrative segregation did not rise to the level of an "atypical and significant hardship."  *Sandin v. Conner*, 515 U.S. 472, 485-87 (1995).

  Plaintiff's alleged access-to-court claim also failed as the inability to effectively litigate an appeal to the Ninth Circuit did not demonstrate Defendants' actions prevented Plaintiff from pursuing a non-frivolous legal claim in an initial pleading.  *See Lewis v. Casey*, 518

ORDER -- 1

U.S. 343, 349, 354 (1996)(holding a prisoner claiming unconstitutional denial of access to the courts must allege actual injury and that the mere inability to litigate effectively is insufficient). Finally, Plaintiff's claim for relief regarding the sanction of an unspecified restitution amount was premature. Mr. Henderson admitted funds had not been withdrawn from his inmate account, and therefore, he had not been deprived of property without due process. *See Quick v. Jones*, 754 F.2d 1521, 1522-23 (9th Cir. 1984).

There being no objections, the court **ADOPTS** the Report and Recommendation. The First Amended Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). This dismissal is **without prejudice** to Plaintiff seeking an appropriate state court remedy regarding the alleged deprivation of good conduct time and a future claim should funds be taken from his inmate account without due process of law.

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). <u>**Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915**</u>. <u>**This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims**</u>.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address,

ORDER -- 2

enter judgment, and close the file.  The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.  The court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this _____8th_____ day of March 2010.

                    S/ Edward F. Shea
                      EDWARD F. SHEA
              United States District Judge

`Q:\Civil\2009\9cv5064ci-3-5-dis1915g.wpd`